**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ELIJAH DELMAR CLAYBROOKS, # 456653,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cv-0748** |
| | ) | |
| **WARDEN DOUG COOK,** | ) | **Chief Judge Sharp** |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION**

Petitioner Elijah Delmar Claybrooks, a state prisoner incarcerated at the Bledsoe County Correctional Complex in Pikeville, Tennessee, has filed a *pro se* petition and amended petition under 28 U.S.C. § 2254 for the writ of habeas corpus, seeking review of his 2009 conviction in the Criminal Court for Davidson County, Tennessee. Before the Court is the respondent's motion to dismiss the petition, as amended, on the grounds that it is barred by the statute of limitations. (ECF No. 20.)

As set forth herein, the Court finds that the petition is untimely under 28 U.S.C. § 2244(d)(1) and that the petitioner presents no basis for statutory or equitable tolling. The motion to dismiss (ECF No. 20) will therefore be granted and this action dismissed.

**I.      Procedural Background**

Mr. Claybrooks pleaded guilty to a charge of sale of cocaine and was sentenced to an eight-year prison term on June 24, 2009. He did not pursue a direct appeal or post-conviction relief in the state court. Instead, he filed his federal habeas corpus petition in this Court on or around June 25, 2015. The Court entered an initial order directing the respondent to file an answer, motion, or other response. The respondent has now filed his motion to dismiss the petition.

**II.      The One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). The limitations period begins to run from the latest of four enumerated events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

AEDPA provides that the limitations period is tolled during "[t]he time [that] a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Jurado v. Burt*, 337 F.3d 638, 640 (2003). In addition, the limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The doctrine of equitable tolling is used sparingly, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted), and is typically applied "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citing omitted).

**III.    Application of the Statute of Limitations to this Case**

The petitioner did not avail himself of the opportunity to file a response in opposition to the motion to dismiss. His habeas petition and amended petition do not acknowledge the untimeliness of the filing and do not assert that a state-created, unconstitutional impediment prevented the petitioner from filing his federal habeas petition in a timely fashion. Subsection 2244(d)(1)(B) is therefore inapplicable. Nor does the petitioner allege that his claims arise out of newly recognized constitutional rights made retroactively available to cases on collateral review. Subsection 2244(d)(1)(C) is also inapplicable. And none of the petitioner's claims falls under the new-factual-predicate test of 28 U.S.C. § 2254(d)(1)(D), so that provision in inapplicable as well. Thus, the only event relevant here is the date on which the state-court

"judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

According to the petitioner, judgment was entered on June 24, 2009. The petitioner did not pursue a direct appeal, so, under Tennessee law, the judgment became final upon the expiration of the 30-day time period during which he could have filed a notice of appeal. Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003). The federal statute of limitations therefore began running on July 25, 2009, and expired one year later, on July 26, 2010.[1] The petition in this case was not filed until 2015, approximately five years after the limitations period had expired. It is therefore barred by the statute of limitations, unless the petitioner can establish a viable basis for tolling the statute of limitations.

The petitioner did not file a state post-conviction petition, so there was no statutory tolling. Nor has he pleaded a basis for equitable tolling. He suggests that he is ignorant of the law, but ignorance of the law alone does not warrant equitable tolling. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005); *see also Almo v. Mills*, No. 06-2325, 2007 WL 3125291, at *3 (W.D. Tenn. Oct. 23, 2007) ("*Pro se* status and ignorance of the time requirements for filing does not toll the limitations period." (citing *United States v. Baker*, 197 F.3d 211, 218–19 (6th Cir. 1999))).

The petitioner was released on probation at some point during service of his sentence but, after violating the terms of his probation, was returned to state custody. The fact that he was released from prison onprobation for a period of time did not serve to toll the statute of limitations. Even if it could, the the petitioner has not shown that he diligently pursued his rights or that extraordinary circumstances prevented him from doing so, or that any other basis for equitable tolling exists. The statute of limitations expired in July 2010, years before the petitioner filed the petition in this case.

## IV. Conclusion

Because it plainly appears from the face of the petition that the petition is barred by the AEDPA statute of limitations, 28 U.S.C. § 2244(d)(1)(A), and therefore that the petitioner is not entitled to relief in this court, Rule 4, Rules Gov'g § 2254 Cases, the respondent's motion to dismiss will be granted.

Federal Rule of Appellate Procedure 22 provides that an appeal of the denial of a habeas petition may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of

---

[1] July 25, 2010 fell on a Sunday, so the limitations period did not expire until the following Monday. Fed. R. Civ. P. 6(a)(1)(C).

the Rules Governing § 2254 Cases requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The district court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Under the standard articulated in *Miller-El*, the Court finds that no jurist of reason would disagree that the petition is barred by the statute of limitations. A COA will not issue.

An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court